**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Crim. No. 99-07-10 Erie** |
| | ) | |
| **JACKIE WILLIAMS** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

Defendant Jackie Williams has filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) for a reduction of sentence. ECF No. 455.

A federal grand jury indicted the defendant with conspiracy to possess with the intent to distribute in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 846. On May 15, 2000, Mr. Williams plead guilty pursuant to a plea agreement.

A Presentence Report was prepared indicating that the Defendant's total offense level was 29, and his criminal history was II, with a guideline sentencing range of 97 to 121 months. However, Mr. Williams faced a 120-month statutory mandatory minimum making his guideline range 120 to 121 months.

Prior to sentencing, the government filed a motion for reduction of sentence based on Mr. Williams' substantial assistance to authorities. On October 23, 2000, we granted the motion and sentenced Mr. Williams to a term of imprisonment of 96 months, 24 months below the 120-month statutory minimum.

On August 3, 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack cocaine and powder cocaine by reducing the statutory penalties for crack

cocaine. Thereafter, the United States Sentencing Commission adopted Amendment 750 to account for the changes in the Fair Sentencing Act and revised the crack cocaine guidelines commensurate with the reductions in the statute. On June 30, 2011, the Sentencing Commission Adopted Amendment 759, making the changes in Amendment 750 retroactive to offenders who are serving terms of imprisonment.

This brings us to Mr. Smith's present motion for reduction in sentence pursuant to section 3582(c). Mr. Williams would likely have been eligible for a sentence reduction under the Fair Sentencing Act due to the fact that we imposed a sentence below the mandatory minimum based on the government's substantial assistance motion. See U.S.S.G. § 1B1.10(b)(2)(B) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate"). However, Mr. Williams was released from the 96-month term of imprisonment we imposed on December 30, 2004, and is no longer serving that sentence. Because Mr. Williams has already completed his sentence there is no sentence to reduce.

We note that Mr. Williams is currently serving a term of imprisonment imposed by this Court. In 2009, he violated the terms of his supervision. Following a hearing in which Mr. Williams admitted his violations, I revoked his supervision and sentenced him to twenty-seven months' imprisonment to be served consecutively to his state court sentence. ECF No. 409. The Fair Sentencing Act does not apply to a term of imprisonment imposed based upon a violation of supervision. Accordingly, we will deny Mr. Williams' motion.

2

## ORDER

AND NOW, to-wit, this ___20th___ day of August 2012 it is hereby ORDERED,

ADJUDGED and DECREED that Defendant's Motion for Retroactive Application of Sentencing

Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) (ECF No. 455) be and

hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:    counsel of record

Jackie Williams, *pro se*
No. 10808-068
FCI FAIRTON
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320